# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALICIA LORENZO**<br>South Texas Detention Complex<br>566 Veteran Drive<br>Pearsall, Texas 78061;<br><br>**Plaintiff**,<br><br>v.<br><br>**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"),**<br>500 12th Street SW Washington, DC 20530;<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"),**<br>245 Murray Lane SW Mailstop 0485<br>Washington, DC 20528-0075;<br><br>**U.S. CUSTOMS AND BORDER PROTECTION ("CBP"),**<br>1300 Pennsylvania Ave. NW<br>Washington, DC 20229;<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"),**<br>20 Massachusetts Avenue NW<br>Washington, DC 20529;<br><br>**RONALD VITIELLO, ACTING DIRECTOR OF ICE,**<br>500 12th Street SW Washington, DC 20536;<br><br>**DANIEL BIBLE, SAN ANTONIO FIELD OFFICE DIRECTOR, ICE**<br>San Antonio Field Office<br>1777 NE Loop 410 Floor 15<br>San Antonio, TX, 78217;<br><br>**ANDREW HURON, SAN ANTONIO ASSISTANT FIELD OFFICE DIRECTOR, ICE**<br>San Antonio Field Office<br>1777 NE Loop 410 Floor 15<br>San Antonio, TX, 78217;<br><br>**KIRSTJEN NIELSEN, SECRETARY OF DHS,**<br>500 12th Street SW Washington, DC 20536; | Case No. _____ |

**JEFFERSON BEAUREGARD SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES,**
950 Pennsylvania Avenue NW Washington, DC 20530;

**L. FRANCIS CISSNA, DIRECTOR OF USCIS,**
20 Massachusetts Avenue NW Washington, DC 20529;

**KEVIN K. MCALEENAN, ACTING COMMISSIONER OF CBP,**
1300 Pennsylvania Ave, NW Washington, DC 20229;

**Defendants**.

## PETITION FOR HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Alicia Lorenzo, by and through counsel, files this civil action and petition for habeas corpus against Defendants U.S. Immigration and Customs Enforcement ("ICE"); U.S. Department of Homeland Security ("DHS"); U.S. Customs and Border Protection ("CBP"); U.S. Citizenship and Immigration Services ("USCIS"); Ronald Vitiello, Acting Director of ICE; Daniel Bible, San Antonio Field Office Director, ICE; Andrew Huron, San Antonio Assistant Field Office Director, ICE; Kirstjen Nielsen, Secretary of DHS; Jefferson Beauregard Sessions III, Attorney General of the United States; L. Francis Cissna, Director of USCIS; and Kevin K. McAleenan, Acting Commissioner of CBP; (collectively, "Defendants") to vindicate her substantive and procedural due process rights under the Fifth Amendment of the U.S. Constitution and her rights under the International Convention on Civil and Political Rights, and the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

## INTRODUCTION

This complaint challenges the United States Government's decision to deport Ms.

Lorenzo to the Republic of Guatemala without first being able to exercise her parental rights by meeting with her eight-year old son, M.J.L. and determining whether it is in the best interests of M.J.L. to return with his mother to Guatemala or to remain in the United States with his temporary caregiver. Ms. Lorenzo is the biological mother and prior to her detention, the primary caregiver of M.J.L. Ms. Lorenzo brings this action to prevent her from being removed without exercising her parental rights afforded to her under the Fifth Amendment to the U.S. Constitution.

## JURISDICTION

1. This case arises under the Fifth Amendment to the United States Constitution. The court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2241 (habeas jurisdiction); and Article I, Section 9, Clause 2 of the United States Constitution ("Suspension Clause"). Ms. Lorenzo is in federal custody for purposes of habeas jurisdiction.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 because at least one of the Defendants is subject to personal jurisdiction in this district with regards to this action.

## PARTIES

3. Plaintiff Ms. Lorenzo is a citizen of Guatemala. She is the biological mother and prior to her detention, the sole primary caregiver of M.J.L., also a citizen of Guatemala.

4. Defendant U.S. Immigration and Customs Enforcement ("ICE") is the sub-agency of DHS that is responsible for carrying out removal orders and overseeing immigration detention.

5. Defendant U.S. Department of Homeland Security ("DHS") has responsibility for enforcing the immigration laws of the United States and is a department of the executive

branch of the Government which has been delegated with authority over "unaccompanied minors."

6. Defendant U.S. Customs and Border Protection ("CBP") is the sub-agency of DHS that is responsible for the initial processing and detention of noncitizens apprehended near the U.S. border.

7. Defendant U.S. Citizenship and Immigration Services ("USCIS") is the sub-agency of DHS that, through its Asylum Officers, conducts interviews of certain individuals apprehended at the border to determine whether they have a credible fear of persecution and should be permitted to apply for asylum.

8. Defendant Ronald Vitiello is sued in his individual capacity and his official capacity as the Director of ICE.

9. Defendant Daniel Bible is sued in his individual capacity and his official capacity as Field Office Director, San Antonio Field Office, ICE.

10. Andrew Huron is sued in his individual and official capacity as Assistant Field Office Director, San Antonio Field Office, ICE.

11. Defendant Kirstjen Nielsen is sued in her individual capacity and official capacity as the Secretary of the Department of Homeland Security. In this capacity, she directs each of the component agencies within DHS: ICE, USCIS, and CBP. As a result, Respondent Nielsen has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103 and is empowered to grant asylum or other relief.

12. Defendant Jefferson Beauregard Sessions III is sued in his individual capacity and his official capacity as the Attorney General of the United States. At all times relevant to this Complaint, he had responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103, oversaw the Executive Office of Immigration Review, was empowered to

grant asylum or other relief.

13. Defendant L. Francis Cissna is sued in his individual and official capacity as the Director of USCIS.

14. Defendant Kevin K. McAleenan is sued in his individual and official capacity as the Acting Commissioner of CBP.

## RELEVANT FACTS[1]

15. Ms. Lorenzo is a citizen of Guatemala. She is the biological mother of Plaintiff M.J.L., a minor child. M.J.L. is currently eight years old.

16. In 2016, Ms. Lorenzo and M.J.L. fled Guatemala to escape the domestic violence of M.J.L.'s biological father. In Guatemala, M.J.L.'s biological father created an environment of violence by using drugs, beating Ms. Lorenzo, and raping her.

17. Ms. Lorenzo feared for her safety if she stayed in Guatemala.

18. Upon entry into the United States, on or about December 9, 2016, agents from Defendant Customs and Border Protection ("CBP") detained Ms. Lorenzo and M.J.L. Soon thereafter, Defendants separated Ms. Lorenzo from her child M.J.L., and Ms. Lorenzo was placed in federal detention. After she served seven months for the charge of felony illegal re-entry into the United States, she was to be subject to supervised release for one year. Nevertheless, upon information and belief, she was never released from confinement after the end of the seven months sentence, which ended on or about January 26, 2018.

19. M.J.L. has been temporarily placed in the custody of the biological father's aunt in Phoenix, Arizona, while Ms. Lorenzo was in U.S. custody. Due to Ms. Lorenzo's

---

[1] The factual information provided herein is drawn from the non-privileged factual information from communications between Ms. Lorenzo and RAICES, the organization representing Ms. Lorenzo with respect to other immigration matters. Despite diligent efforts, counsel for Plaintiff has not yet been able to secure a declaration from Ms. Lorenzo. Counsel learned of the impending deportation late last night (October 11, 2018) and has been unable to attain additional information from Alicia after this notice.

detention in a different state from her child, she has had limited, if any, communications with M.J.L. outside the influence of the temporary caretaker, the biological relative of her abuser. Upon information and belief, her in-person meetings with M.J.L. have also been limited, if not eliminated, due to the physical distance between Ms. Lorenzo and M.J.L. The South Texas Correctional Facility where Ms. Lorenzo is being detained is almost a 1,000 mile (and 14 hour) drive by car from M.J.L. in Phoenix.

20. Numerous organizations and mental health professionals have been vocal in criticizing forced separation of parents from their children. Forced separation from parents causes severe trauma to both parents and children, especially those who are already traumatized due to conditions in their homeland. The resulting cognitive and emotional damage from separation can be permanent.

21. The threat of imminent deportation to Guatemala without her child M.J.L., meaning she might never see him again, is a traumatic event causing significant psychological distress and shock to Ms. Lorenzo.

22. Ms. Lorenzo's deportation without her child M.J.L. or an opportunity to determine whether it is in the best interests of the child to remain with Ms. Lorenzo would further traumatize Ms. Lorenzo, who continues to suffer severe and irreparable psychological trauma while apart from M.J.L. and fearing for his well-being.

23. The Due Process Clause of the U.S. Constitution's Fifth Amendment does not permit the Government to strip a parent of her parental rights, without a determination that she is an unfit parent or presents a danger to M.J.L. Federal statutes, including the Immigration and Naturalization Act, the Convention Against Torture, and associated implementing regulations, prohibit interfering with familial relationships arbitrarily.

24. As a result of the Defendants' actions in this case, Ms. Lorenzo is facing

imminent deportation without an opportunity to act on her parental rights.

25. Given the eminent irreparable and continuous emotional damage caused by Defendants' deportation of Ms. Lorenzo without the ability to determine what is in the best interests of her son, Plaintiff requests a stay of deportation and an immediate reunion with M.J.L. to enable Ms. Lorenzo to determine whether it is in the best interests of the child to return with his mother to Guatemala.

## CAUSES OF ACTION

### COUNT I
**(Removing Parental Control in Violation of Substantive Due Process)**
**(Against All Defendants Except USCIS Defendants in Their Official Capacities)**

26. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

27. The Due Process Clause of the U.S. Constitution's Fifth Amendment protects all "persons" on United States soil, including Ms. Lorenzo and M.J.L.

28. Plaintiff has a liberty interest under the Due Process Clause to make parenting decisions that include determining the appropriate residence of the child.

29. The threated removal of Ms. Lorenzo and refusal to allow her to exercise her parental rights to determine the best interests of the child violate substantive due process because it furthers no legitimate purpose, much less a compelling governmental interest.

### COUNT II
**(Removing Parental Control in Violation of**
**Substantive Due Process: Supervisory Liability)**
**(Against Defendants Vitiello, Nielsen and Sessions in Their Individual Capacities)**

30. All of the foregoing allegations are repeated and re-alleged as though fully set

forth herein.

31.     The Due Process Clause of the U.S. Constitution's Fifth Amendment protects all "persons" on United States soil, including Ms. Lorenzo and M.J.L.

32.     Plaintiff has a liberty interest under the Due Process Clause to make parenting decisions that include determining the appropriate residence of the child.

33.     The threated removal of Ms. Lorenzo and refusal to allow her to exercise her parental rights to determine the bests interests of the child violate substantive due process because it furthers no legitimate purpose, much less a compelling governmental interest.

## COUNT III
### (Administrative Procedure Act—Arbitrary and Capricious Practice)
### (Against All Defendants Except USCIS Defendants)

34.     All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

35.     The APA prohibits agency action that is arbitrary and capricious and contrary to a constitutional right.

36.     Defendants' removal of Ms. Lorenzo without allowing her to exercise her parental rights and determine the best interest of the child without a compelling justification and without a mechanism, protocol, or system to guarantee their reunification is final agency action that is arbitrary and capricious. It accordingly violates the APA. 5 U.S.C. § 706(2)(A).

## COUNT IV
### Petition for Habeas Corpus Under Treaties of the United States: International Convention on Civil and Political Rights (Claim for Injunctive and Declaratory Relief Against All Defendants in Their Official Capacities)

37.     All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

38. The ICCPR has been signed and ratified by the United States.

39. Under Article 17 of the ICCPR, "[n]o one shall be subjected to arbitrary or unlawful interference with [her] privacy, family, home or correspondence, nor to unlawful attacks on [her} hon[or] and reputation." Article 23 states that "family is the natural and fundamental group unit of society and is entitled to protection by society and the State."

40. By threatening to remove Ms. Lorenzo without her child M.J.L., Defendants have subjected Ms. Lorenzo to arbitrary, unlawful, and unjustified interference with her family in violation of the ICCPR.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Declare that the deportation of Ms. Lorenzo without being granted access to meet with M.J.L. to determine the best interests of the child unlawfully violates Ms. Lorenzo's substantive due process rights;

B. Enjoin Defendants from removing Ms. Lorenzo from the country until she is granted access to meet with M.J.L. to determine the best interests of the child and whether the M.J.L. should accompany her back to Guatemala;

C. Order all other relief that is just and proper.

Respectfully submitted this 12th of October, 2018.

/s/Timilin Sanders
Timilin Sanders, DC Bar No. 989110
Aaron Hullman, DC Bar No. 982154
(*D.D.C. admission forthcoming*)
Christopher Brown, DC Bar No. 230444
(*D.D.C. admission pending*)

LATHAM & WATKINS LLP
555 Eleventh Street, NW

Washington DC 20004
(202) 637-2200
timilin.sanders@lw.com